**Councilman David COHEN, League of Women Voters of Philadelphia and Loraine Brill, Appellants,**

**v.**

**Honorable Jacqueline ALLEN, Acting as Chairperson of the Board of Commissioners of Philadelphia County, Honorable Matthew Carrafiello, Acting Commissioner of Philadelphia County and Honorable D. Webster Keogh, Acting of Philadelphia, Margaret M. Tartaglione, Chairperson of the Board of Commissioners of Philadelphia County, Joseph Duda, Commissioner of Philadelphia County, Alexander Z. Talmadge, Jr., Commissioner of Philadelphia County, Edward G. Rendell, Mayor of the City of Philadelphia and City of Philadelphia.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1999.

Decided Jan. 20, 2000.

---

Samuel C. Stretton, West Chester, and Robert M. Jaffe, Philadelphia, for appellants.

Richard Feder, Philadelphia, for appellees.

Before McGINLEY, J., KELLEY, J., and RODGERS, Senior Judge.

KELLEY, Judge.

Councilman David Cohen (Cohen), the League of Women Voters of Philadelphia (Women Voters), and Loraine Brill (Brill) (collectively, Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) that denied Appellants' motions for preliminary and permanent injunctions and dismissed Appellants' complaint. Also before this Court for consideration is a motion for permission to supplement the record and to dismiss the appeal as moot filed by the Honorable Jacqueline Allen, the Honorable Matthew Carrafiello, the Honorable D. Webster Keogh, Margaret M. Tartaglione, Joseph Duda, Alexander Z. Talmadge, Jr., Edward G. Rendell, Mayor and the City of Philadelphia (collectively, Appellees).

By resolution and ordinance approved on June 24, 1999, and June 28, 1999, Philadelphia City Council (City Council) determined to submit to the voters of Philadelphia a proposed amendment to the Educational Supplement to the Philadelphia Home Rule Charter. The proposed amendment shortened the terms of School Board members from six years to four years and made the terms concurrent to the Mayor, directed the Mayor to appoint a Board reflective of the diversity of the City, provided for service on the School Board "at the pleasure of the Mayor", imposed a three-term limit on School Board members, and required public meetings among the School Board, the Mayor and City Council. The amendment was scheduled to be placed on the November 2, 1999, municipal general election ballot. The full text of the proposed amendment was published in three newspapers of general circulation, and was made available, with the text of the ballot question, in copy form at the office of the Chief Clerk of City Council. The ballot question concerning the proposed amendment was as follows:

Shall the Educational Supplement to the Philadelphia Home Rule Charter be amended to change the method of appointing the members of the Board of Education, to change their terms of office to run concurrently with the term of office of the Mayor, to change the term of office of the members of the Educational Nominating Panel, and to require certain public meetings of the Board.

On October 27, 1999, Appellants filed a complaint in equity against Appellees seeking declaratory and preliminary and permanent injunctive relief. Appellants alleged that the ballot question concerning the proposed amendment violated Pennsylvania statutes because, among other things, it did not adequately inform the public of the nature of the amendment and that the statutory requirement regarding printed pamphlets in sufficient number for general distribution was not met. Following an emergency hearing, the trial court denied Appellants' request for preliminary and permanent injunctive relief and dismissed the complaint on October 29, 1999. On November 2, 1999, the voters approved the proposed amendment.

On November 1, 1999, Appellants filed with this Court a notice of appeal from the trial court's October 29, 1999 order.[1] On

---

1. On November 16, 1999, Appellants filed with this Court a motion for an emergency

December 2, 1999, Appellees filed with this Court a motion for permission to supplement the record and to dismiss Appellants' appeal as moot. By order entered December 3, 1999, this Court ordered that Appellees' motion be listed for argument at the same time as argument on the merits fixed for December 7, 1999.

In this appeal, Appellants raise the following issues:

1. Whether the procedure used and the ballot question itself violated state statutes.

2. Whether the amendment misled voters concerning the proposed change to the Education Supplement to the Philadelphia Home Rule Charter.

3. Whether Appellants are guilty of laches.

4. Whether the trial court erred by dismissing Appellants' complaint.

We shall first address Appellees' motion to supplement the record and to dismiss Appellants' appeal as moot. Appellees contend that on November 2, 1999, the voters of the City of Philadelphia overwhelmingly approved the amendment to the Educational Supplement to the Philadelphia Home Rule Charter. In support of this contention, Appellees move for permission to supplement the record with the Certification Affidavit of the Office of the County Board of Elections certifying that the voters approved the amendment to the Philadelphia Home Rule Charter on November 2, 1999. We grant Appellees' request and order Appellees to supplement the record as stated within five (5) days of

the date of our order disposing of this matter.

Next, Appellees contend, in support of their motion to dismiss Appellants' appeal as moot, that the voters' approval of the amendment is protected from post-election judicial invalidation by the clear and unambiguous statutory safe harbor provision found in Section 19 of the First Class City Home Rule Act (Home Rule Act).[2] Appellees argue that pursuant to Section 19 of the Home Rule Act, any challenge to the procedure by which the amendment to the existing home rule charter was approved becomes moot and cannot be entertained by a court, and the amendment cannot be invalidated based upon alleged procedural defects in the approval process, once the election is over.[3]

Section 19 of the Home Rule Act provides as follows:

No charter or any amendment to an existing charter, when adopted by a majority vote of the qualified electors of any city voting at any election, shall be declared invalid or be set aside on account of any defect, error or omission in the proceedings for the adoption of any such charter or amendment.

Appellants contend in their motion requesting permission to file a supplemental brief that Section 19 of the Home Rule Act has been suspended for appellate purposes. Appellants point out that this Court has jurisdiction of appeals from final order of the courts of common pleas with respect to home rule charters, local ordinances or resolutions. *See* Section

---

hearing and expedited briefing schedule. Appellants' motion was granted by order of this Court on November 17, 1999. On November 23, 1999, Appellants filed with this Court an application for injunction pending appeal. Appellants' motion was denied by order of this Court on December 1, 1999.

**2.** Act of April 21, 1949, P.L. 665, *as amended,* 53 P.S. § 13156.

**3.** We note that after oral argument was held on this matter on December 7, 1999, Appellants filed with this Court a motion requesting

permission to file a supplemental brief in response to Appellees' argument regarding the motion to dismiss as moot. In their motion, Appellants request permission to file a supplemental brief to allow them to argue that Section 19 of the Home Rule Act is suspended for appellate purposes. By order entered December 14, 1999, this Court denied Appellants' motion because the thrust of Appellants' argument with respect to Section 19 is adequately set forth in Appellants' motion; therefore, no supplemental brief is necessary.

762(a)(4)(i)(B) of the Judicial Code, 42 Pa. C.S. § 762(a)(4)(i)(B). Appellants argue that Section 19 of the Home Rule Act affects the jurisdiction of this Court. Appellants contend further that, pursuant to Section 2(f) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(f), all acts and parts of acts are repealed insofar as any such act vests jurisdiction in any court in addition to or in any manner inconsistent with Title 42 of the Pennsylvania Consolidated Statutes. Appellants conclude, therefore, that Section 19 of the Home Rule Act was suspended by Section 2(f) of the Judiciary Act Repealer Act. Appellants also point to Pa. R.A.P. 5101(c) which provides that all statutes relating to practice and procedure finally enacted prior to January 1, 1981 are hereby suspended to the extent inconsistent with the Pennsylvania Rules of Appellate Procedure. Appellants argue that as a result, Section 19 of the Home Rule Act, which was enacted prior to January 1, 1981, is inconsistent with the Pennsylvania Rules of Appellate Procedure which provide jurisdiction in the Commonwealth Court on matters involving home rule charters. Accordingly, Appellants contend, at least for appellate purposes, Section 19 of the Home Rule Act is suspended and cannot be considered in any mootness argument. We disagree.

Section 2(f) of the Judiciary Act Repealer Act only repeals acts, which vest jurisdiction in a court. By virtue of the plain language of Section 19 of the Home Rule Act, it is clear that Section 19 does not vest jurisdiction in a court. Section 19 is merely a safe harbor provision created by the General Assembly to prevent a cause of action challenging the procedural requirements of the Home Rule Act once an election has been held. Thus, Section 19 is not a jurisdictional act. For this reason, we also reject Appellants' argument that Section 19 of the Home Rule Act is incon-

sistent with the Pennsylvania Rules of Appellate Procedure and therefore suspended for appellate purposes.

With respect to Appellees' argument that Appellants' appeal is moot due to Section 19 of the Home Rule Act, we conclude that the language of Section 19 is clear and unambiguous. Thus, the amendment to the Educational Supplement to the Philadelphia Home Rule Charter approved by the voters on November 2, 1999, cannot be declared invalid or be set aside on account of any defect, error or omission in the proceedings for the adoption of the amendment to the Home Rule Charter.

In this appeal, Appellants are challenging the amendment to the Home Rule Charter on the basis that there were defects in the public dissemination for the adoption of the amendment. Specifically, Appellants allege that the procedure utilized for the proposed amendment failed to provide required notice to the voters of the proposed amendment to the Home Rule Charter in violation of Section 9 of the Home Rule Act, entitled "filing and distribution of proposed charters or amendments; framing of ballot question." [4]

Section 9 of the Home Rule Act provides, *inter alia*, that proposed amendments, together with the form of the question provided for, are to be printed in pamphlet form in sufficient number for general distribution at least twenty-eight (28) days before the election. Appellants contend that: (1) the proposed amendments and ballot question were never printed in pamphlet form; (2) even if the proposed amendments and ballot question were printed in pamphlet form, these items were not printed together with the other; and (3) whatever was printed, the documents were not available in sufficient number for general distribution.

---

4. 53 P.S. § 13109. We note that Section 7 of the First Class City Public Education Home Rule Act, Act of August 9, 1963, P.L. 643, *as amended*, 53 P.S. § 13207, provides that

"[a]mendments to charter provisions adopted under this act shall be made in accordance with the procedures set forth in the ... First Class City Home Rule Act."

Appellants also contend that the ballot question failed to inform the voters as to the major changes entailed in the amendment, specifically, that the terms of the school board directors were to be changed from a fixed term to one where they serve at the will and pleasure of the Mayor. While Appellants attempt to convince this Court otherwise, this challenge is simply another challenge to Section 9 of the Home Rule Act. Section 9 provides that each ballot question shall be framed in *brief* form of not more than seventy-five (75) words. Thus, there is no requirement that the ballot question contain a detailed statement of the proposed amendment as set forth in the pamphlet form.

Accordingly, Appellants' challenges based on Section 9 of the Home Rule Act are clearly challenges to the proceeding for the adoption of the amendment. As stated herein, the voters approved the amendment to the Educational Supplement to the Philadelphia Home Rule Charter on November 2, 1999. Thus, pursuant to Section 19 of the Home Rule Act, any claim of defect, error or omission in the proceeding for the adoption of the amendment must fail. Therefore, Appellants' procedural challenges raised in this appeal to the amendment to the Home Rule Charter are moot.

Appellees' motion to dismiss Appellants' appeal as moot is granted.[5]

### ORDER

AND NOW, this 20th day of January, 2000, it is hereby ordered that the Motion for Permission to Supplement the Record and to Dismiss the Appeal as Moot filed in the above captioned matter is granted. Appellees are ordered to supplement the record in this matter within five (5) days of the date of this order with the Certification Affidavit of the Office of the County Board of Elections certifying the official returns as they appear on record of the votes cast at the municipal general election held November 2, 1999 in the County of Philadelphia. The above captioned appeal is dismissed as moot.

---

5. Based on our resolution of Appellees' motion to dismiss as moot, we decline to address the remaining issues raised by Appellants in this appeal.